United States District Court
Northern District of California

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

VILLERY RAY JOHNSON,

        Defendant.

Case No.: CR 99-40054-CW (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I. BACKGROUND

On June 12, 2012, a hearing was held on the Government's motion to detain Defendant Villery Ray Johnson pending his supervised release violation hearing. Defendant was present and in custody, and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney William Gullotta appeared on behalf of the Government. Probation Officer Alexandre D. Bonneville was also present. For the reasons stated below, the court orders that Defendant be detained.

On May 30, 2012, Defendant's probation officer filed a petition alleging that Defendant, on a number of occasions, violated the conditions of his supervised release. The alleged violations included testing positive for illegal drug use, failure to participate in a drug/alcohol aftercare treatment program, and discharging himself from the New Bridge residential drug treatment program without permission. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on June 1, 2012.

Defendant was sentenced to 151 months in custody and three years of supervised release on October 4, 1999 for unarmed bank robbery (Class C felony). Defendant had two prior Forms 12 filed in the past six months, both of which involved testing positive for cocaine in violation of his supervised release. The first on December 5, 2011, involved testing positive for cocaine on

DETENTION ORDER
CR 99-40054-CW (KAW)                    1

two separate occasions, admitted cocaine use, and failure to attend substance abuse treatment. This resulted in the modification of his release to include placement in a residential reentry center for up to four months, and a placement at a residential drug treatment program for up to 90 days.

On January 26, 2012, Defendant tested positive for cocaine, but since this was an initial test upon entry to the residential reentry center, and Defendant did not test positive for over one month, only Judicial Notice was taken of the violation.

Defendant is now charged with violating standard condition number eight (defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance), special condition numbers two (defendant shall participate in a drug/alcohol aftercare treatment program), and the special condition of his 90-day residential treatment of his supervised release.

In light of Defendant's propensity to repeatedly violate the conditions of his release, he has failed to persuade this Court by clear and convincing evidence that he is amenable to supervision. In fact, Defendant should be in the New Bridge residential facility, but left the program after less than 24 hours in direct violation of the terms of his release, even after being reminded by his Probation Officer that leaving would violate same.

## II.  LEGAL ANALYSIS

Defendant's sentence for the Class C felony included a three year term of supervised release pursuant to 18 U.S.C. § 3583(b).  In so ordering, the Court imposed conditions of supervision, including drug/alcohol counseling and drug testing.  18 U.S.C. § 3583(g) requires the revocation of Defendant's supervised release, and the serving of a term of imprisonment, if the defendant possesses a controlled substance, refuses to comply with drug testing, or tests positive for illegal substances more than three times over the course of one year.  18 U.S.C. §§ 3583(g)(1, 3-4).

On May 16, 2012, Defendant cancelled his counseling and drug testing appointment, both required conditions of release.  Defendant later admitted to Officer Bonneville that he cancelled because he knew that he would test positive for cocaine.  His refusal to comply with court-ordered drug testing is a violation of supervised release that requires revocation and the imposition of a

DETENTION ORDER
CR 99-40054-CW (KAW)                                     2

term of imprisonment not to exceed "the maximum term of imprisonment under subsection (e)(3)." 18 U.S.C. § 3583(g).

On May 17, 2012, Defendant reported for drug testing, and admitted to using cocaine. The sample was tested on May 24, 2012, and was found to be positive for cocaine and marijuana. Defendant previously tested positive for cocaine use on two occasions that led to a Form 12 being filed on December 5, 2011.  He also tested positive for cocaine when he entered the residential re-entry center, which resulted in a Form 12 being filed on January 26, 2012.  Defendant's May 17th testing is the fourth positive drug test in the last year, thereby triggering § 3583(g)(4)'s mandatory revocation of supervised release.

Further, because Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.  In light of Defendant's repeated violations of his supervised release as set forth above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: June 12, 2012

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 99-40054-CW (KAW)                                3